IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Criminal No. 12-113 |
| | ) | |
| JAVON HARVEY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## AMENDED MEMORANDUM ORDER OF COURT

I. <u>Introduction</u>

Defendant, acting *pro se*, has filed a Motion for Release / Reduced Sentence Pursuant to the CARES and /or First Step Act. (ECF 701)[1] Following the *pro se* filing, this Court contacted the Federal Public Defender to ascertain whether a counseled brief would be filed in support of the Defendant's Motion. A counseled Motion and supporting Brief have been filed. (ECF 721) The Government has filed a Response in Opposition. (ECF 723) Counsel for Defendant has filed a Reply. (ECF 725) Probation has also filed two letters to the Court detailing the Defendant's release plan.[2] After careful consideration, and for the reasons set forth below, the Motion is granted.

II. <u>Background</u>

---

[1] A prior Motion was denied without prejudice based upon the failure to exhaust administrative remedies. (ECF 682)
[2] The release plan was not submitted by the Defendant (or counsel) in connection with the pending Motion. Rather the Detroit Office of the Eastern District of Michigan completed a pre-release investigation that was requested directly from the Bureau of Prisons ("BOP").

A grand jury for the Western District of Pennsylvania returned a sixteen-count Superseding Indictment against the Defendant and eight co-defendants. The Defendant was charged at Count One with conspiring to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. Count Eleven charged him with the possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He pled guilty to a lesser-included drug offense and to violating 18 U.S.C. § 924(c). (ECF 438) On February 13, 2015, the Honorable Terrence McVerry sentenced the Defendant to be imprisoned for a term of seventy-one months at Count 1s and sixty months at Count 11s with such terms to be run consecutively for a total of one hundred thirty-one months. (ECF 538) The Defendant's current release date with good time credits is October 4, 2021. (ECF 721, p. 13). He asks this Court to reduce his sentence to time served due to risk of contracting COVID-19.

III. Analysis

Although a district court has limited authority to modify a sentence, *see Dillon v. United States*, 560 U.S. 817, 819 (2010) ("[a] federal court generally may not modify a term of imprisonment once it has been imposed"), the First Step Act enables a federal court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons" warrant such a reduction. 18 U.S.C § 3582(c)(1)(A)(i). To modify the sentence, however, the defendant must have exhausted the applicable administrative remedies.[3] Additionally, the court must consider the factors set forth in 18 U.S.C. § 3553(a), to the

---

[3] Before seeking relief in court under § 3582(c), a defendant must file an administrative request for compassionate relief with the warden of the facility where he/she is housed. The defendant must then either fully exhaust the BOP's administrative remedies or wait thirty (30) days from the date that the administrative request was filed with the warden prior to proceeding in court. *See United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020).

extent that they are applicable, and assess whether a reduction is consistent with the applicable policy statements issued by the Sentencing Commission in § 3582(c)(1)(A).

Having reviewed the record, I am satisfied that the Defendant has exhausted his administrative remedies.[4] On January 7, 2021, counsel for the Defendant submitted a written request to the Warden of FPC Yankton  requesting that the Defendant be released immediately or, in the alternative, transferred to home confinement based upon his medical condition. (ECF 721, Ex. A) More than 30 days have expired since that submission. Consequently, I turn to a consideration of whether the Defendant has established "extraordinary and compelling" reasons in support of compassionate release.

The Defendant bears the burden of proving that extraordinary and compelling reasons exist. *See United States v. Smith*, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020). Section 3582 does not define the phrase "extraordinary and compelling reasons." Congress delegated this task of defining "what should be considered extraordinary and compelling reasons to the Sentencing Commission. *See* 28 U.S.C. § 994(t).  The Sentencing Commission issued a Policy Statement related to § 3582(c)(1)(A) which has not been updated since the First Step Act became law and is outdated given that it was confined to motions filed solely by the BOP. *See United States v. Rodriguez*, 451 F. Supp.3d 392, 396 (E.D. Pa. Apr. 1, 2020). Consequently, a "majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but] does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under §

---

[4] The Government neither concedes nor contests this point.

3582(c)(1)(A).'" *Rodriguez*, 451 F. Supp.3d at 397, *quoting*, *United States v. Beck*, 425 F. Supp.3d 573, 582 (M.D.N.C. 2019). I agree with these courts that the Policy Statement provides "helpful guidance" but does not limit the Court's independent assessment of what constitutes "extraordinary and compelling" reasons.

This "guidance" suggests that a defendant's medical condition, age, family circumstances, or "other reasons" may constitute "extraordinary and compelling" reasons. U.S.S.G. 1B1.13 Cmt., App. Note 1(A)-(D). The Application Notes to the Policy Statement further recognize that "extraordinary and compelling reasons" may exist if the defendant is suffering from a serious physical or medical condition, which substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover. U.S.S.G. 1B1.13, Cmt., App. Note 1(A)(ii).[5] Here, the Defendant urges that his medical condition of obesity, coupled with the ongoing COVID-19 pandemic, constitutes extraordinary and compelling circumstances in this case.[6]

The Center for Disease Control ("CDC") has identified obesity as one of certain underlying medical conditions that increase the risk of severe illness or death from COVID-19. People With Certain Medical Conditions, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 5, 2021). The Defendant has supplied

---

[5] Extraordinary and compelling reasons also exist, according to the Application Notes, if the defendant is suffering from a terminal illness. Here, the Defendant does not advance such a contention.

[6] The Defendant comments that, "as a black man, Mr. Harvey is at an increased risk [of] contracting COVID-19, and suffering illness or death from the virus." (ECF 721, p. 8) (citations omitted). It is unclear whether the Defendant is raising race as an independent "extraordinary and compelling" reason warranting compassionate release. If he is, I find persuasive Judge Bloch's conclusion in *United States v. Taylor*, Crim. No. 3-238, 2021 WL 767613, at * 1 n. 1, that a defendant's race alone does not warrant compassionate release "as it is unclear whether race is an independent risk factor for contracting COVID-19 or whether adverse outcomes correlating with race are based on other factors." (*citing United States v. Bell*, Crim. No. 15-603, 2021 WL 303009, at * 3 (D.N.J. Jan. 29, 2021) and *United States v. Johnson*, Crim. No. 8-374, 2021 WL 409830, at * 8 (W.D. Pa. Feb. 5, 2021).

medical records documenting a BMI of 31.4 which places him at the low end of the obesity range. (ECF 721, Exhibit B). Conceding that the Defendant is obese and acknowledging the CDC's risk assessment, the Government nevertheless urges that he has not established "extraordinary and compelling" reasons.[7]

The Government's position is at odds with Department of Justice guidance. As noted by my colleague Chief Judge Hornak in *United States v. Ingram*, Crim. No. 12-00203, 2020 WL 6495437 (W.D. Pa. Nov. 2, 2020), the "Department of Justice guidance has referenced as authoritative CDC COVID-19 guidelines defining obesity as 'body mass index of 30 or above' and conceded that a BMI of above 30 can constitute an extraordinary and compelling reason, indicating that the Government accepts the over-30-BMI benchmark as an obesity estimate." *Ingram*, 2020 WL 6495437, at * 4, *citing, United States v. Steven Cole*, No. 1:18-cr-167, Doc. 95 (D. Md., July 30, 2020). Here, the Defendant's BMI meets this benchmark. As such, it "is sufficient to show that

---

[7] It appears that the DOJ routinely concedes that "obesity" constitutes an extraordinary and compelling reason for release in light of the COVID-19 pandemic. *See United States v. Craighead*, Crim. No.17-143, 2021 WL 211498, at * 5 (W.D. Pa. Jan. 21, 2021) (government conceding that a defendant with a BMI of 31.4 qualified as an extraordinary and compelling reason for compassionate release); *United States v. Gadsden*, Crim. No. 2:09-305, 2021 WL 195267, at * 6 (W.D. Pa. Jan. 20, 2021) ("The court accepts this BMI calculation [of 39.1] and the government's concession that [the defendant's] obesity constitutes a serious medical condition that would provide a basis for compassionate release."); *United States v. Demery*, Crim. No. 14-106, 2020 WL 7610900, at * 1 (W.D. Pa. Dec. 22, 2020) (government conceding that the defendant's obesity [BMI of 36.9] in light of the pandemic represent extraordinary and compelling reasons for release); *United States v. Ishmael*, Crim. No. 12-155, 2021 WL 567747, at * 2 (E.D. Pa. Feb. 16, 2021) ("The Government concedes, however, that Defendant's obesity 'qualifies [him] … for consideration for compassionate release…."); *United States v. Savage*, Crim. No. 09-600-01, 2021 WL 735778 at * 3 (E.D. Pa. Feb. 25, 2021) (government conceding that a defendant "who presents a risk factor identified by the CDC as increasing the risk of an adverse outcome from COVID-19" such as obesity qualifies as having an extraordinary and compelling reason for compassionate release); and *United States v. Davis*, Crim. No.15-138-1, 2021 WL 662409, at * 2 (E.D. Pa. Feb. 19, 2021) (conceding that defendant's obesity and BMI of 32 presents "a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility"). This is not to suggest that such a concession is made in every case yet it is difficult to discern whether the concession is based upon the preference of the individual Assistant United States Attorney presiding over the case or some other factor as it does not appear to be based upon a particular BMI range.

he is obese and, per CDC guidance, at higher risk for contracting severe illness from COVID-19." *Id. See also, United States v. Wuellner*, Crim. No. 13-20031-01, 2021 WL 51024, at * 2 (D. Kansas, Jan. 6, 2021) ("The government concedes that Mr. Wuellner asserts a medical condition – severe obesity – during the COVID-19 pandemic that qualifies as an extraordinary and compelling reason under 3582(c)(1)(A) given 'DOJ policy and CDC guidance.'"). While I acknowledge that there are numerous cases finding that a documented medical history of obesity does not establish extraordinary and compelling reasons for compassionate release, i.e., *United States v. Taylor*, Crim. No. , 2021 WL 767613, at * 4 (W.D. Pa. Feb. 26, 2021) and *United States v. Evans*, Crim. No. 13-173, 2020 WL 6144006, at * 8 (W.D. Pa. Oct. 20, 2020), I find the CDC guidelines persuasive. Consequently, I conclude that the Defendant has asserted sufficiently severe health risks that are specific to him and which rise beyond generalized assertions and differentiate his COVID-19 related concerns from those of other inmates. Consequently, he has demonstrated extraordinary and compelling reasons for release and I turn to the other relevant considerations.

Specifically, I consider whether the Defendant can demonstrate that he is not a danger to the safety of a person or to the community, and that the factors set forth in Section 3553(a) warrant a reduction in his sentence. Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). The conviction of serious crimes is not an absolute bar to compassionate release, and in terms of criminal history,

the Court must consider Defendant as he stands before the Court today. *United States v. Sperry*, No. 18-121, 2020 U.S. Dist. LEXIS 165012, at * 4 (W.D. Pa. Sept. 10, 2020).

The Defendant's drug crime was serious, as he was involved for approximately one year in a drug trafficking scheme. He has been incarcerated since 2015 and will be released in approximately 7 months. As such he has served the vast majority of  his sentence. Further, the crimes occurred  nearly a decade ago when he was 38 years old. The Defendant had a nonviolent criminal history category of I. The combined guideline range was 120-131 months and Judge McVerry sentenced the Defendant at the very top of that guideline range. There is no indication that the Defendant engaged in disruptive behavior while incarcerated. Further, it does appear that the Defendant completed a substance abuse program offered through the Northeast Ohio Correctional Center. (ECF 530, Ex. J).

I also note that a release plan is in place with the Defendant's mother having expressed a willingness to provide housing. A pre-release investigation of her residence has been completed and the location has been approved. (ECF 724)

Under all the circumstances, and in light of the relevant policy statements and applicable Section 3553 factors, I find that a shortened term of imprisonment, followed by the original five-year term of supervised release, is appropriate. Such a sentence is sufficient but not greater than necessary to reflect the seriousness of Defendant's offense, promote respect for the law, afford both specific and general deterrence, provide just punishment, and protect the public from further crimes of Defendant and permit appropriate arrangements for supervision.

Accordingly, the Defendant is sentenced to time served. This Order is effective as of the date of the Order, and the Defendant shall be released as soon as his transportation is arranged and confirmed for his transit from FPC Yankton to his approved residence in Detroit, Michigan, as listed in the submission from Probation and Pretrial Services (ECF No. 724) and previously approved by the Probation Office, and according to this Order, subject to the following: (1) if the Defendant is at the time of the issuance of this Order on medical quarantine, then the release ordered hereby is effective upon the conclusion of that medical quarantine; and (2) counsel for the Defendant shall make prompt and appropriate arrangements for the Defendant's travel to his residence, and defense counsel and the BOP shall work cooperatively to cause such travel to occur as soon as is feasible.

THEREFORE, this 8th day of March, 2021, it is ordered that Defendant's Motions for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), as Amended by the First Step Act of 2018 (ECF No. 701, 721] are GRANTED.

BY THE
COURT:

Donetta W. Ambrose

8